JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

FAHEEM BEYAH, et al.
2315 Watkins Street
Philadelphia, PA19145

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian F. Humble, Esquire, Attorney at Law, 1500 JFK Boulevard, Suite 1313, Philadelphia, PA 19102 (215) 501-6356 BHumble@verizon.net

## DEFENDANTS

ANTHONY WASHINGTON
c/o City of Philadelphia Law Department
Philadelphia, PA 19102

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT

- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY

- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR

- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY

- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS

- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY

- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS

- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES

- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### REAL PROPERTY

- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS

- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS

- ☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION

- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983
Brief description of cause:
Unlawful Search, Seizure and Arrest

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE           DOCKET NUMBER

DATE
09/25/2012

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

FAHEEM BEYAH, ET AL.  :  CIVIL ACTION
v.  :
ANTHONY WASHINGTON  :  NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (✓)

| | | |
|---|---|---|
| 9/25/12 | | plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-801-6356 | | bhimble law @ gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: PHILADELPHIA

Address of Defendant: PHILADELPHIA

Place of Accident, Incident or Transaction: PHILADELPHIA COUNTY PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☑

Does this case involve multidistrict litigation possibilities?   Yes☐   No☑
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Brian F. Humble, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 9/25/12 _____ Attorney-at-Law _____ 88987 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/25/12 _____ Attorney-at-Law _____ 88987 Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FAHEEM BEYAH<br>2315 Watkins Street<br>Philadelphia, PA 19145; | ) <br> ) <br> ) <br> ) |
| KHALIL BEYAH<br>1516 Reed Street<br>Philadelphia, PA 19146; | ) <br> ) <br> ) <br> ) |
| JAWAAN MONTGOMERY<br>1516 Reed Street<br>Philadelphia, PA 19146; | ) <br> ) <br> ) <br> ) |
| ROBERT GAY<br>1418 South 22nd Street<br>Philadelphia, PA 19146; | ) Docket No. 12-CV-_____ <br> ) <br> ) <br> ) |
| KHALIL BRINSON<br>1841 Ringo Street<br>Philadelphia, PA 19121;<br>          Plaintiffs, | ) <br> ) <br> ) <br> ) <br> ) |
| v. | ) <br> ) <br> ) |
| ANTHONY WASHINGTON<br>Individually and In His Capacity as<br>City of Philadelphia Police Captain 17th District<br>c/o City of Philadelphia Law Department<br>1515 Arch Street, 14th Floor<br>Philadelphia, Pennsylvania 19102-1595; | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| CITY AND COUNTY OF PHILADELPHIA<br>c/o City of Philadelphia Law Department<br>One Parkway, 15th Floor<br>1515 Arch Street<br>Philadelphia, PA 19102; | ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) |
| DOROTHY JOHNSON-SPEIGHT, Individually and in<br>Her Official Capacity as Founder and Executive Director<br>MOTHER'S IN CHARGE | ) <br> ) <br> ) |

1

1415 Broad Street, Suite 229                          )
Philadelphia, PA 19122;                               )
                                                      )
MOTHER'S IN CHARGE                                    )
1415 Broad Street, Suite 229                          )
Philadelphia, PA 19122;                               )
                                                      )
CITY OF PHILADELPHIA POLICE DEPARTMENT                )
8th and Race Streets                                  )
Philadelphia, PA 19106;                               )
                                                      )
CHARLES H. RAMSEY, Individually and in His            )
Official Capacity as Police Commissioner              )
8th and Race Streets                                  )
Philadelphia, PA 19106;                               )
                                                      )
SUPERVISORY POLICE OFFICERS JOHN DOES                 )
Individually and in Their Official Capacities         )
as City of Philadelphia Supervisory Police Officers   )
c/o City of Philadelphia Law Department               )
1515 Arch Street, 14th Floor                          )
Philadelphia, PA 19102; and                           )
                                                      )
POLICE OFFICERS JOHN DOES 1-40                        )
Individually and in Their Official Capacities         )
as City of Philadelphia Police Officers               )
c/o City of Philadelphia Law Department               )
1515 Arch Street, 14th Floor                          )
Philadelphia, PA 19102                                )
                    Defendants.                       )

## CIVIL ACTION COMPLAINT

This is a civil rights action in which named Plaintiffs seeking relief in the form of declaratory and injunctive relief, as well as damages and punitive damages for injuries and the violation of their rights, privileges, and immunities secured by the Ku Klux Klan Act of 1871 (42 U.S.C. § 1983), Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000(d), *et seq.*), 42 U.S.C. §§ 1981, 1982, 1985, 1986 and 1988, the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, other Constitutional Provisions and Federal Statutes, and the Laws and Constitution of the Commonwealth of Pennsylvania.

2

# I. JURISDICTION

1. This action is brought pursuant to Ku Klux Klan Act of 1871 (42 U.S.C. § 1983), Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000(d), *et seq.*), 42 U.S.C. §§ 1981, 1982, 1985, 1986 and 1988, the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, other Constitutional Provisions and Federal Statutes, and the Laws and Constitution of the Commonwealth of Pennsylvania, and pursuant to 28 U.S.C. §§ 1331, 1332 and 1343 *et seq.*

2. Jurisdiction is established over State law claims based on supplemental jurisdiction under 28 U.S.C. § 1367.

3. Declaratory and Injunctive Relief is authorized by 28 U.S.C. §§ 2201-2202, and Rule 57 of the Federal Rules of Civil Procedure.

4. The amount in controversy exclusive of interest and costs exceeds One-Hundred-and-Fifty-Thousand ($150,000.00) Dollars.

# II. VENUE

5. All claims herein arose within the jurisdiction of the United States District Court of the Eastern District of Pennsylvania, and involve Defendants whose residence or principle place of business is within this court's jurisdictional boundaries. Therefore, venue is appropriately invoked pursuant to 28 U.S.C. § 1391(b) and (c).

# III. PARTIES

6. Plaintiff, FAHEEM BEYAH, is an African-American, adult male, and a United States Citizen whose domicile is within the city and county of Philadelphia, Pennsylvania.

7. Plaintiff, KHALIL BEYAH, is an African-American, adult male, and a United States Citizen whose domicile is within the city and county of Philadelphia, Pennsylvania.

3

8. Plaintiff, JAWAAN MONTGOMERY, is an African-American, adult male, and a United States Citizen whose domicile is within the city and county of Philadelphia, Pennsylvania.

9. Plaintiff, ROBERT GAY, is an African-American, adult male, and a United States Citizen whose domicile is within the city and county of Philadelphia, Pennsylvania.

10. Plaintiff, KHALIL BRINSON, is an African-American, adult male, and a United States Citizen whose domicile is within the city and county of Philadelphia, Pennsylvania.

11. Defendant, ANTHONY WASHINGTON ("Defendant Washington") is an African-American male City of Philadelphia Police Captain employed by Defendant, City of Philadelphia, and under the command of Defendant, Ramsey. At all times relevant hereto, Defendant Washington was acting under the color of State law as a Philadelphia Police Officer. Defendant Washington is being sued in his individual and official capacities.

12. Defendant, CITY AND COUNTY OF PHILADELPHIA ("Defendant City of Philadelphia") is a municipality organized by and through the Commonwealth of Pennsylvania that directs, manages and controls the City of Philadelphia Police Department ("Defendant City of Philadelphia Police Department"), and employs all the individually-named Defendants.

13. Defendant, DOROTHY JOHNSON-SPEIGHT ("Defendant Johnson-Speight"), is the Founder and Executive Director of MOTHER'S IN CHARGE. At all times relevant hereto, Defendant Johnson-Speight was acting as a decision-maker regarding the operation of Defendant, MOTHER'S IN CHARGE. Defendant Johnson-Speight is responsible for establishing, maintaining and enforcing the customs, practices and policies of Defendant MOTHER'S IN CHARGE. Defendant Johnson-Speight is being sued in her individual and official capacities.

4

14. Defendant, MOTHER'S IN CHARGE, is a non-profit organization organized under Section 501(c)(3) of the United States Internal Revenue Code and the laws of the Commonwealth of Pennsylvania. At all times relevant hereto, Defendant MOTHER'S IN CHARGE was acting in concert with the municipal Defendants to promote re-educational films and community advocacy programs for a fee.

15. Defendant, CITY OF PHILADELPHIA POLICE DEPARTMENT ("Defendant City of Philadelphia Police Department") is a department of Defendant City of Philadelphia that is the recipient of Title VI Funds and is liable under Title VI for the discriminatory actions of its employees. Defendant City of Philadelphia Police Department is being sued solely under Title VI of the Civil Rights Act of 1964.

16. Defendant, CHARLES H. RAMSEY ("Defendant Ramsey") is the City of Philadelphia Police Commissioner employed by and an agent of the City of Philadelphia. At all times relevant hereto, Defendant Ramsey was acting under the color of State law as the Police Commissioner for the City of Philadelphia and the final decision-maker regarding the operation of Defendant City of Philadelphia Police Department. Defendant Ramsey is responsible for establishing, maintaining and enforcing the customs, practices and policies of Defendant City of Philadelphia Police Department. He is also responsible for hiring, screening, training, supervision, monitoring, auditing, discipline and control of police officers under his command, including the individually-named Defendant police officers in this case. Defendant Ramsey is being sued in his individual and official capacities.

17. Defendants, SUPERVISORY POLICE OFFICERS JOHN DOES ("Defendants SUPERVISORY DOES"), at all times relevant hereto Defendants SUPERVISORY DOES were acting in their supervisory capacity as City of Philadelphia Police Lieutenants and Ser-

geants in the 17th Police District under the command of Defendant WASHINGTON, with supervisory authority over numerous City of Philadelphia Officers on June 24, 2011. Defendants SUPERVISORY DOES, at all times relevant hereto Defendants SUPERVISORY DOES are being sued in their individual and official capacities. Further, at all times relevant hereto Defendants, SUPERVISORY DOES were acting under the color of state law in their capacities as City of Philadelphia Police Lieutenants and Sergeants in the 17th Police District within Defendant, CITY OF PHILADELPHIA POLICE DEPARTMENT.

18. Defendants, POLICE OFFICERS JOHN DOES 1-40 ("Defendants DOES 1-40"), at all times relevant hereto Defendants DOES 1-40 were acting in their capacities as City of Philadelphia Police Officers in the 17th Police District under the command of Defendants, WASHINGTON and SUPERVISORY DOES on June 24, 2011. Defendants DOES 1-40 are being sued in their individual and official capacities. Further, at all times relevant hereto Defendants DOES 1-40 were acting under the color of state law in their capacities as City of Philadelphia Police Officers in the 17th Police District within Defendant, City of Philadelphia Police Department.

## IV. FACTUAL ALLEGATIONS

19. On June 24, 2011, Defendant WASHINGTON, was acting in his capacity as City of Philadelphia Police Captain and the senior supervisory City of Philadelphia Police Official at the 17th District Police Precinct that is located in the Grays Ferry Neighborhood of Philadelphia.

20. In the late afternoon on June 24, 2011, Defendant WASHINGTON was overheard talking into his Bluetooth Cell Phone device by a Caucasian police officer making the statement: "when you get here, my jail will be full of *Niggers*."

21. Plaintiffs reasonably believe and aver that Defendant WASHINGTON was taking to Defendant JOHNSON-SPEIGHT.

22. Shortly thereafter, Defendant WASHINGTON, personally dispatched all police officers under his command to arrest some *Niggers* because he is having a Defendant, MOTHER'S IN CHARGE town meeting and needs a full jail.

23. Immediately after being instructed to arrest some *Niggers*, Defendants, CITY OF PHILADELPHIA and CITY OF PHILADLEPHIA POLICE DEPARTMENT, police officers Defendants, DOES 1-40, unlawfully arrested more than 20 innocent African-American men and boys.

24. Plaintiffs, FAHEEM BEYAH, KHALIL BEYAH, JAWAAN MONTGOMERY, ROBERT GAY and KHALIL BRINSON were arrested.

25. At all times relevant hereto, Plaintiffs were acting in a lawful manner, and were not violating criminal laws of the Commonwealth of Pennsylvania of the United States of America.

26. Defendants, WASHINGTON and DOES 1-40 did not have probable cause and/or reasonable suspicion to arrest Plaintiffs.

27. After Plaintiffs were unlawfully seized and arrested, they were unlawfully searched by Defendants, DOES 1-40 before being transported to the 17th Police District Precinct.

28. When Plaintiffs complained about unlawful seizures and arrests to Defendants, DOES 1-40, they were told to "shut the fuck up" by some DOES 1-40, while those DOES 1-40 were making threats of violence and stating that they would make up charges in order to arrest Plaintiffs.

29. Some of DOES 1-40 attempted to cover-up their unconstitutional actions by stating in their Form 75-48s that Plaintiffs were "loitering in front of a abandon building" or they were in

7

an "[a]rea [that] is known for numerous shootings and a high crime/drug area" or they were "blocking foot traffic."

30. Other Defendants, DOES 1-40, simply told the truth and stated in their Form 75-48s that Plaintiffs were "transport[ed] to 17[th] Dist. For film."

31. After Plaintiffs arrived at the 17th Police District Precinct, they were compelled to turn over their property, such as cell phones, wallets, shoes, belts and jewelry to other City of Philadelphia Police Officers.

32. Plaintiffs were not allowed to call their lawyers and/or family members.

33. After being held in an overcrowded, dirty, nasty and stinking cell for more than an hour, Plaintiffs were led out in the main room at the 17th District Police Precinct.

34. All the exit doors were blocked by City of Philadelphia Police Officers; Plaintiffs were not free to leave.

35. For more than 4 hours, Plaintiffs were held and compelled against their will to watch and listen to a "film" and lecture produced and distributed by Defendants, MOTHER'S IN CHARGE and JOHNSON-SPEIGHT.

36. The "film" is nothing more than overly hyped propaganda produced by Defendants, MOTHER'S IN CHARGE and JOHNSON-SPEIGHT that is used to make money for Defendants, MOTHER'S IN CHARGE and JOHNSON-SPEIGHT.

37. Plaintiffs reasonably believe and aver that Defendants, MOTHER'S IN CHARGE and JOHNSON-SPEIGHT have a contract with Defendant, CITY OF PHILADELPHIA and was paid to force Plaintiffs to against their will to watch and listen to a "film" and lecture produced and distributed by Defendants, MOTHER'S IN CHARGE and JOHNSON-SPEIGHT.

8

38. Plaintiffs reasonably believe and aver that Defendants, WASHINGTON, MOTHER'S IN CHARGE and JOHNSON-SPEIGHT have previously forced other innocent African-Americans, against their will, to watch and listen to "films" and lectures produced and distributed by Defendants, MOTHER'S IN CHARGE and JOHNSON-SPEIGHT.

39. Defendant, CITY OF PHILADELPHIA POLICE DEPARTMENT, under the leadership of Defendant RAMSEY, has well-known and documented custom, policy and practice of unlawfully seizing and arresting African-American men such as Plaintiffs.

40. Defendant RAMSEY does not answer to anyone for his statements or actions because the only person that has any supervisory authority over Defendant RAMSEY, Mayor Michael Nutter, is nothing more than a "yes man" to Defendant RAMSEY; if not halted by federal lawsuits, Defendant RAMSEY and his "yes man" Mayor Nutter will turn the city of Philadelphia into a "police state."

41. For years before and after the unlawful stop of Plaintiffs, Defendants, City of Philadelphia, City of Philadelphia Police Department, RAMSEY, WASHINGTON and DOES 1-40 have unlawfully stopped, seized and searched African-American men in the City of Philadelphia.

42. While Defendant, CITY OF PHILADELPHIA has agreed to end these unlawful practices in order to settle prior federal lawsuits, these rogue practices continue to this day with the full knowledge and acquiescence of Defendants, CITY OF PHILADELPHIA, CITY OF PHILADELPHIA POLICE DEPARTMENT, RAMSEY and other City of Philadelphia policy-makers such as Mayor Nutter.

43. Plaintiffs reasonably believe and aver that Defendants, CITY OF PHILADELPHIA, CITY OF PHILADELPHIA POLICE DEPARTMENT, RAMSEY and WASHINGTON and other decision and policy makers within Defendants, CITY OF PHILADELPHIA and CITY

OF PHILADELPHIA POLICE DEPARTMENT are well aware the widespread nature of the constitutional violations described herein because numerous lawsuits have been filed seeking redress violations of innocent citizens' constitutional rights to bear arms.

44. Plaintiffs reasonably believe and aver that Defendants, CITY OF PHILADELPHIA, CITY OF PHILADELPHIA POLICE DEPARTMENT, RAMSEY and WASHINGTON and other decision and policy makers within Defendants, CITY OF PHILADELPHIA and CITY OF PHILADELPHIA POLICE DEPARTMENT have not trained City of Philadelphia Police Officers in the requirements of the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

## V. CAUSES OF ACTIONS

### COUNT I
### VIOLATION OF 42 U.S.C. § 1983
### DEFENDANT, CITY AND COUNTY OF PHILADELPHIA

45. Plaintiffs hereby incorporate by reference, Paragraphs 1 through 44, as though they are fully set forth herein.

46. Defendant, CITY AND COUNTY OF PHILADELPHIA, developed and maintained a number of deficient customs, policies and/or practices which proximately caused the deprivation of Plaintiffs' constitutional rights aforesaid.

47. Defendant, CITY AND COUNTY OF PHILADELPHIA's unlawful customs, policies and practices encouraged its employees to believe that they could violate the constitutional rights of Plaintiffs rights with impunity and with the explicit or tacit approval of Defendant, CITY AND COUNTY OF PHILADELPHIA and its policy makers.

48. The acts constitute a violation of Plaintiffs' rights under the First, Fourth, Fifth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

49. As a result of Defendant's knowingly, willfully, maliciously, wantonly, grossly intentional, recklessly and deliberately indifferent concerted conduct under the color of state law pursuant to an unconstitutional, customs, policies and practices, Plaintiffs have suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of their constitutional and other state and federal rights.

## COUNT II
## VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964
## DEFENDANT, CITY OF PHILADELPHIA POLICE DEPARTMENT

50. Plaintiffs hereby incorporate by reference, Paragraphs 1 through 49, as though they are fully set forth herein.

51. Defendant, CITY OF PHILADELPHIA POLICE DEPARTMENT, developed and maintained a number of deficient customs, policies and/or practices which proximately caused the deprivation of Plaintiffs' constitutional rights aforesaid.

52. Defendant, CITY OF PHILADELPHIA POLICE DEPARTMENT's unlawful customs, policies and practices encouraged its employees to believe that they could violate the constitutional rights of Plaintiffs with impunity and with the explicit or tacit approval of Defendant, CITY OF PHILADELPHIA POLICE DEPARTMENT and its policy makers.

53. The acts constitute a violation of Title VI of the Civil Rights Act of 1964.

54. As a result of Defendant's knowingly, willfully, maliciously, wantonly, grossly intentional, recklessly and deliberately indifferent concerted conduct under the color of state law pursuant to an unconstitutional, customs, policies and practices, Plaintiffs have suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of their constitutional and other

11

state and federal rights.

## COUNT III
## RACIAL AND GENDER DISCRIMINATION

55. Plaintiffs hereby incorporate by reference, Paragraphs 1 through 54, as though they are fully set forth herein.

56. All Defendants singled out Plaintiffs for arrest, search and seizure because of their race and gender in violation of Plaintiffs' rights under the First, Fourth, Fifth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

57. As a result of Defendant's knowingly, willfully, maliciously, wantonly, grossly intentional, recklessly and deliberately indifferent concerted conduct under the color of state law pursuant to an unconstitutional, customs, policies and practices, Plaintiffs have suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of their constitutional and other state and federal rights, Fourth, Fifth and Fourteenth Amendment of the United States Constitution were violated.

## COUNT IV
## FAILURE TO SUPERVISE
## DEFENDANT RAMSEY

58. Plaintiffs hereby incorporate by reference, Paragraphs 1 through 57, as though they are fully set forth herein.

59. Defendant, RAMSEY, and is the final policy and decision maker within Defendant, CITY OF PHILADELPHIA POLICE DEPARTMENT.

60. Defendant, RAMSEY has knowingly, wrongfully, willfully, maliciously, wantonly, intentionally and indifferently failed to supervise his employees or take any meaningful corrective action even though he could have by simply complying with the constitution, imple-

menting additional training, different disciplinary practices, hiring and firing practices, supervision and not covering up or ignoring past unlawful action against citizens the City of Philadelphia and other official misconduct by police officers.

61. Defendant's actions constitute a violation of Plaintiffs' rights under the First, Fourth, Fifth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

62. As a result of Defendant's knowingly, willfully, maliciously, wantonly, intentionally, recklessly and deliberately indifferent concerted conduct, Plaintiffs have suffered and continue a violation of his constitutional rights and to suffer great pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of their constitutional and other federal rights.

**COUNT V**
**FAILURE TO SUPERVISE**
**DEFENDANT WASHINGTON**

63. Plaintiffs hereby incorporate by reference, Paragraphs 1 through 62, as though they are fully set forth herein.

64. Defendant, WASHINGTON, and is a policy and decision maker within Defendant, CITY OF PHILADELPHIA POLICE DEPARTMENT.

65. Defendant, WASHINGTON has knowingly, wrongfully, willfully, maliciously, wantonly, intentionally and indifferently failed to supervise his employees or take any meaningful corrective action even though he could have by simply complying with the constitution, implementing additional training, different disciplinary practices, hiring and firing practices, supervision and not covering up or ignoring past unlawful action against citizens the City of Philadelphia and other official misconduct by police officers.

66. Defendant's actions constitute a violation of Plaintiffs' rights under the First, Fourth, Fifth

and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

67. As a result of Defendant's knowingly, willfully, maliciously, wantonly, intentionally, reck-
lessly and deliberately indifferent concerted conduct, Plaintiffs have suffered and continue
a violation of his constitutional rights and to suffer great pain and suffering, emotional dis-
tress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of
their constitutional and other federal rights.

**COUNT VI**
**FAILURE TO INTERVENE TO STOP A VIOLATION OF CIVIL RIGHTS**
**DEFENDANTS RAMSEY, WASHINGTON**
**AND SUPERVISORY POLICE OFFICER JOHN DOES**

68. Plaintiffs hereby incorporate by reference, Paragraphs 1 through 67, as though they are ful-
ly set forth herein.

69. On June 24, 2011, Defendants, RAMSEY, WASHINGTON and SUPERVISORY POLICE
OFFICER JOHN DOES, knew or could have known through reasonable investigatory
methods that the acts and omissions of Defendants DOES 1-40 and other City of Philadel-
phia Police Officers were unconstitutional and violated the well-established rights of Plain-
tiffs under the First, Fourth, Fifth and Fourteenth Amendments to the United States Consti-
tution.

70. Yet Defendants, RAMSEY, WASHINGTON and SUPERVISORY POLICE OFFICER
JOHN DOES did not undertake any action to intervene to stop a violation of Plaintiffs' civ-
il rights, to the contrary, Defendants, RAMSEY, WASHINGTON and SUPERVISORY
POLICE OFFICER JOHN DOES did everything they could to ensure that Defendants
DOES and other City of Philadelphia Police Officers would continue to violate the well-
established rights of Plaintiffs under the First, Fourth, Fifth and Fourteenth Amendments to
the United States Constitution by failing to properly investigate and discipline Defendants

14

DOES and other City of Philadelphia Police Officers.

71. Defendants' actions constitute a violation of Plaintiffs' rights under the First, Fourth, Fifth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

72. As a result of Defendants' knowingly, willfully, maliciously, wantonly, intentionally, recklessly and deliberately indifferent concerted conduct, Plaintiffs have suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of their constitutional and other state and federal rights.

## COUNT VII
## FALSE ARREST AND FALSE IMPRISONMENT

73. Plaintiffs hereby incorporate by reference, Paragraphs 1 through 72, as though they are fully set forth herein.

74. On June 24, 2011, Plaintiffs were falsely arrested and imprisoned.

75. Plaintiffs were not charged with any crimes.

76. Defendants' conduct constitute false arrest and false imprisonment that was done knowingly, willfully, maliciously, wantonly, intentionally, recklessly and with deliberate indifference in concert and conspiracy with each other and others.

77. Defendants' actions constitute a violation of Plaintiffs' rights under the First, Fourth, Fifth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

78. As a result of Defendants' knowingly, willfully, maliciously, wantonly, intentionally, recklessly and deliberately indifferent concerted conduct, Plaintiffs have suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of their constitutional and other federal rights.

15

## COUNT VIII
## ABUSE OF PROCESS

79. Plaintiffs hereby incorporate by reference, Paragraphs 1 through 78, as though they are fully set forth herein.

80. On June 24, 2011, Plaintiffs were falsely arrested and imprisoned.

81. Plaintiffs were not charged with any crimes.

82. Defendants' conduct constitute abuse of process that was done knowingly, willfully, maliciously, wantonly, intentionally, recklessly and with deliberate indifference in concert and conspiracy with each other and others.

83. Defendants' actions constitute a violation of Plaintiffs' rights under the First, Fourth, Fifth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

84. As a result of Defendants' knowingly, willfully, maliciously, wantonly, intentionally, recklessly and deliberately indifferent concerted conduct, Plaintiffs have suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of their constitutional and other state and federal rights.

## COUNT IX
## CONSPIRACY UNDER THE COLOR OF STATE LAW
## TO VIOLATE PLAINTIFFS' CONSTITUTIONAL, CIVIL RIGHTS AND OTHER
## RIGHTS ALL DEFENDANTS

85. Plaintiffs hereby incorporate by reference, Paragraphs 1 through 84, as though they are fully set forth herein.

86. All Defendants expressly or tacitly agreed to act and did expressly or tacitly act under the color of state law pursuant to numerous unconstitutional, customs, policies and practices averred herein, knowingly, intentionally, willfully, maliciously, wantonly, grossly inten-

16

tional, recklessly and with deliberate indifference, in concert and conspiracy with each other and others in the furtherance of numerous unconstitutional customs, policies and practices to undertake the violations of Plaintiffs' constitutional, civil and other federal rights described herein.

87. Defendants' actions constitute a violation of Plaintiffs' rights under the First, Fourth, Fifth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

88. As a result of all Defendants' knowingly, intentionally, willfully, maliciously, wantonly, grossly intentional, recklessly and deliberately indifferent concerted conduct under the color of state law pursuant to an unconstitutional, custom policy and practice, Plaintiffs suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of their constitutional and other state and federal rights.

## COUNT X
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## ALL DEFENDANTS

89. Plaintiffs hereby incorporate by reference, Paragraphs 1 through 88, as though they are fully set forth herein.

90. All Defendants' conduct was done knowingly, intentionally, willfully, maliciously, wantonly, grossly intentional, recklessly and with deliberate indifference to cause Mr. Moss extreme emotional distress.

91. Defendants' actions caused Plaintiffs to suffer unnecessary physical pain and suffering and emotional pain and suffering.

92. Defendants' conduct, in concert with each other, was done knowingly, intentionally, willfully, maliciously, wantonly, grossly intentionally, and recklessly and was beyond the

bounds of conduct tolerated in a civilized society.

93. Defendants' actions constitute a violation of Plaintiffs' rights under the First, Fourth, Fifth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

94. As a result of all Defendants' knowingly, intentionally, willfully, maliciously, wantonly, grossly intentional, recklessly and deliberately indifferent concerted conduct under the color of state law pursuant to an unconstitutional, custom policy and practice, Plaintiffs suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of their constitutional and other state and federal rights.

## COUNT XI
## DAMAGES

95. Plaintiffs hereby incorporate by reference, Paragraphs 1 through 94, as though they are fully set forth herein.

96. On all Claims For Relief, under the Ku Klux Klan Act of 1871, Title VI of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), 1986 and 1988; the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal statutes and state laws, Plaintiffs demand judgment in their favor and damages in an amount not less than $150,000.00, attorney's fees, costs, expenses and interest.

97. On all Claims For Relief, Plaintiffs demand judgment in their favor and punitive damages in an amount not less than $150,000.00, attorney's fees, costs, expenses and interest because Defendants' actions exceeded the normal standards of decent conduct and were malicious, willful, oppressive, outrageous and unjustifiable.

98. Plaintiffs demand other just relief as the Court may award.

## COUNT XII
## DEMAND FOR JURY TRIAL

99. Plaintiffs hereby incorporate by reference, Paragraphs 1 through 98, as though they are fully set forth herein.

100. On all facts and claims for relief asserted, Plaintiffs demands a trial by jury.

WHEREFORE, Plaintiffs demands judgment and damages on all facts and claims for relief herein asserted, and upon judgment, reasonable attorney's fees, all costs, expenses and interest.

Respectfully submitted,

_____

Brian F. Humble, Esquire
Attorney at Law
1500 JFK Boulevard, Suite 1313
Philadelphia, PA 19102
Attorney For Plaintiffs
(215) 501-6356
(215) 525-1340 (Fax)
September 25, 2012
BHumble@verizon.net